IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ZHAOQIONG (JULIE) QIN,<br><br>Plaintiff,<br><br>v.<br><br>Savannah State University Board of Regents,<br><br>Defendant. | Civil Action No. 4:24-cv-272<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW, Dr. Zhaoqiong (Julie) Qin ("Plaintiff" or "Dr. Qin"), by and through her undersigned counsel, and files this, her Complaint, and shows the Court as follows:

### NATURE OF COMPLAINT

1. Plaintiff brings this action for damages and reasonable attorney fees against Defendant Savannah State University ("Defendant" or "SSU"), a unit of the Board of Regents of the University System of Georgia, for violations of her rights under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 1981, and the Civil Rights Act of 1991 ("Section 1981").

1

2. This action seeks redress for Defendant's unlawful employment discrimination and retaliation against Plaintiff based on her race (Asian) and national origin (Chinese). Defendant has engaged in discriminatory practices including, but not limited to, the non-renewal of Plaintiff's employment contract, failure to hire Plaintiff for a new position, denial of professional development opportunities, creation of a hostile work environment, and retaliation for engaging in protected activity under Title VII and Section 1981.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. §§ 1343, and 42 U.S.C. § 1981, as this action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

4. The unlawful employment practices alleged in this Complaint were committed within the Southern District of Georgia, Savannah Division, where Defendant operates its principal place of business and where Plaintiff was employed. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3), venue is proper in this Court. Plaintiff has fulfilled all conditions precedent to the institution of this action, including the filing of charges with the Equal Employment Opportunity Commission and receipt of Notices of Right to Sue dated September 17, 2024, and September 26, 2024.

## PARTIES

5. Plaintiff, Dr. Zhaoqiong (Julie) Qin, is a Chinese national of Asian race, born in 1972, and is subject to the jurisdiction of this Court. Plaintiff resides at 5 Ossabaw Road, Wilmington Island, GA 31410.

6. At all times relevant to this action, Plaintiff was employed by Defendant as an Associate Professor of Logistics and Supply Chain Management in the College of Business Administration (COBA), and was the only tenure-track Asian female faculty member at the Associate level in COBA.

7. Defendant Savannah State University is a unit of the Board of Regents of the University System of Georgia, with its principal place of business located at 3219 College Street, Savannah, GA 31404.

8. At all times relevant, Defendant has employed more than 501 employees and has continuously been an employer within the meaning of Title VII, engaged in an industry affecting commerce.

9. Defendant is an equal opportunity/affirmative action employer and is subject to federal anti-discrimination laws, including Title VII of the Civil Rights Act of 1964, as amended.

10. Defendant may be served with process by delivering a copy of the summons and complaint to The Board of Regents of the University System of Georgia, c/o Dr. Sonny Perdue, Chancellor; 270 Washington St. SW, Suite 7002; Atlanta, GA 30334.

## FACTUAL ALLEGATIONS

11. Plaintiff began her employment with Defendant on August 1, 2019, as an Associate Professor of Logistics and Supply Chain Management in COBA, in a tenure-track position with an initial salary of $90,000.

12. Throughout her employment with Defendant, Plaintiff consistently demonstrated exemplary performance, receiving "Above Average" ratings in 2019 (82.52 points) and 2020 (80 points), and an "Excellent" rating in 2022 (90.12 points).

13. Plaintiff was awarded mini-grants in both 2021-2022 and 2022-2023 academic years, further demonstrating her academic achievements and contributions to the university.

14. During her tenure, Plaintiff maintained consistently high enrollment numbers in her courses and served on four different committees, demonstrating her commitment to both teaching excellence and service to the university.

15. On April 27, 2023, Assistant Vice President of Academic Programs Dr. Sametria R. McFall sent out an email to all eligible faculty members, including Plaintiff,

inviting them to prepare for a tenure application package in September 2023. In September 2023, College of Business Administration (COBA) Interim Dean Dr. Dr. Nicole Cannonier did not allow Plaintiff to submit her tenure application package.

16. On August 2, 2023, without prior warning or legitimate justification, Plaintiff received notice that her employment contract would not be renewed, with her employment set to end in May 2024.

17. Plaintiff was the only tenure-track faculty member in COBA to receive a termination notice, while other non-Asian faculty members were retained.

18. On September 15, 2023, shortly after Plaintiff began questioning the non-renewal of her contract, Defendant denied her request to use her allocated $700 travel allowance for professional development.

19. On October 23, 2023, Defendant cancelled Plaintiff's Summer 2024 courses without consultation or justification.

20. On October 25, 2023, Defendant initially denied Plaintiff's Tuition Assistance Program (TAP) application, despite her eligibility for such benefits.

21. On October 27, 2023, Defendant advertised a new position in the same academic area as Plaintiff's position, demonstrating that the non-renewal was not based on legitimate business necessity or budget constraints.

22. During Fall 2023, Defendant reduced Plaintiff's committee assignments from four to one, an action not taken against non-Asian faculty members.

23. On November 9, 2023, Dr. Nicole Cannonier, Interim Dean of COBA, sent a threatening email to faculty, contributing to a hostile work environment.

24. On November 14, 2023, Defendant issued Plaintiff a "Letter of Concern," which was retaliatory and without merit, and was noted in Plaintiff's Human Resources file.

25. The hostile work environment created by Defendant's actions caused Plaintiff to suffer adverse health effects requiring medication beginning November 7, 2023, and ultimately forced her to resign from her position as Faculty Senator.

26. On or about January 17, 2024, Dr. Guan Jun Wang, tenured Associate Professor of Finance and the only other Chinese American at COBA, wrote an email to all COBA faculty members reporting that she had been removed from teaching duties.

27. Dr. Wang expressed to Plaintiff on multiple occasions that she felt that she was being discriminated against because of her race and national origin.

28. Because she was tenured and could not be discharged, Dr. Wang ultimately resigned in May 2024 after her teaching duties had been removed.

29. On or about February 10, 2024, Plaintiff applied for the new position in the same academic area that was advertised on October 27, 2024.

30. On February 22, 2024, Plaintiff filed her first EEOC Charge (No. 415-2024-00198) alleging discrimination based on race, national origin, and retaliation.

31. On March 28, 2024, Plaintiff was invited for an on-campus interview for the new position by the search committee.

32. Another candidate, who is not Chinese or Chinese-American, was given the position.

33. Following the filing of her EEOC charge, Defendant continued its pattern of discriminatory and retaliatory conduct, leading Plaintiff to file a second EEOC Charge (No. 415-2024-02209) on September 13, 2024.

34. Throughout her employment, Plaintiff was the only Asian female faculty member at the Associate level in her department and was subjected to disparate treatment compared to non-Asian faculty members.

# COUNT I: DISCRIMINATION BASED ON RACE AND NATIONAL ORIGIN IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

35. Plaintiff repeats and re-alleges paragraphs 1 through 27 as if set forth fully herein.

36. Defendant's actions in subjecting Plaintiff to less favorable terms and conditions of employment than non-Asian employees, including but not limited to the non-renewal of her contract, denial of professional development opportunities, and reduction of committee assignments, constitute unlawful discrimination on the basis of her race (Asian) and national origin (Chinese) in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq.

37. Defendant has willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

38. The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her race and national origin.

39. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

40.     Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination under Title VII.

## COUNT II: DISCRIMINATION BASED ON RACE IN VIOLATION OF 42 U.S.C. § 1981

41.     Plaintiff repeats and re-alleges paragraphs 1 through 27 as if set forth fully herein.

42.     Defendant's actions in subjecting Plaintiff to less favorable terms and conditions of employment than non-Asian employees, including but not limited to the non-renewal of her contract, denial of professional development opportunities, and reduction of committee assignments, constitute unlawful discrimination on the basis of her race (Asian) in violation of 42 U.S.C. § 1981.

43.     Defendant has willfully and wantonly disregarded Plaintiff's rights under § 1981, and its discrimination against Plaintiff was undertaken in bad faith.

44.     The effect of the conduct complained of herein has been to deprive Plaintiff of equal rights to make and enforce contracts of employment as enjoyed by non-Asian persons.

45. As a direct and proximate result of Defendant's violation of § 1981, Plaintiff has been made the victim of acts that have adversely affected her economic, psychological, and physical well-being.

46. Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination under § 1981.

## COUNT III: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

47. Plaintiff repeats and re-alleges paragraphs 1 through 27 as if set forth fully herein.

48. Plaintiff engaged in protected activity under Title VII when she filed EEOC Charge No. 415-2024-00198 on February 22, 2024.

49. Following Plaintiff's protected activity, Defendant continued and escalated its discriminatory conduct, leading to additional adverse employment actions including denial of travel requests, denial of tuition assistance, issuance of an unwarranted "Letter of Concern," and reduction of professional responsibilities.

50. There exists a causal connection between Plaintiff's protected activity and the adverse employment actions taken against her.

51. As a direct and proximate result of Defendant's retaliatory actions in violation of Title VII, Plaintiff has suffered damages including, but not limited to, loss of employment, loss of benefits, emotional distress, and mental anguish.

52. Defendant's retaliatory actions were undertaken with malice or reckless indifference to Plaintiff's federally protected rights under Title VII, warranting the imposition of punitive damages.

## COUNT IV: RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

53. Plaintiff repeats and re-alleges paragraphs 1 through 27 as if set forth fully herein.

54. Plaintiff engaged in protected activity under § 1981 when she complained about race discrimination and filed EEOC Charge No. 415-2024-00198 on February 22, 2024.

55. Following Plaintiff's protected activity, Defendant continued and escalated its discriminatory conduct, leading to additional adverse employment actions including denial of travel requests, denial of tuition assistance, issuance of an unwarranted "Letter of Concern," and reduction of professional responsibilities.

56. There exists a causal connection between Plaintiff's protected activity and the adverse employment actions taken against her.

57. As a direct and proximate result of Defendant's retaliatory actions in violation of § 1981, Plaintiff has suffered damages including, but not limited to, loss of employment, loss of benefits, emotional distress, and mental anguish.

58. Defendant's retaliatory actions were undertaken with malice or reckless indifference to Plaintiff's federally protected rights under § 1981, warranting the imposition of punitive damages.

## COUNT V: HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

59. Plaintiff repeats and re-alleges paragraphs 1 through 27 as if set forth fully herein.

60. Defendant subjected Plaintiff to unwelcome harassment based on her race (Asian) and national origin (Chinese).

61. The harassment was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

62. The hostile work environment included, but was not limited to:

   a) Issuance of an unwarranted "Letter of Concern";

   b) Threatening emails from the Interim Dean;

   c) Reduction of professional responsibilities without justification;

    d)    Denial of position to which Plaintiff applied;

    e)    Denial of professional development opportunities; and

    f)    Exclusion from departmental activities and decisions.

63. As a direct and proximate result of the hostile work environment, Plaintiff suffered adverse health effects requiring medical treatment and was forced to resign from her Faculty Senator position.

64. Defendant knew or should have known of the harassment and failed to take appropriate remedial action.

65. Defendant's actions were willful, malicious, and taken with reckless disregard for Plaintiff's federally protected rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

    (a)    General damages for mental and emotional suffering caused by Defendant's misconduct;

    (b)    Special damages for lost wages and benefits and prejudgment interest thereon;

(c) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which Plaintiff may be entitled.

Respectfully submitted this 5th day of December, 2024.

*s/ Constance Cooper*
Constance Cooper
Georgia Bar No. 469041
Counsel for Plaintiff

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
constance@justiceatwork.com
Fax: (404) 214-0125