IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ZHAOQIONG (JULIE ) QIN, | * |
| | * |
| Plaintiff | * |
| | * |
| v. | * Case Number: 4:24-CV-272 |
| | * |
| SAVANNAH STATE UNIVERSITY | * |
| BOARD OF REGENTS, | * |
| | * |
| Defendant | * |

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Defendant in the above-styled action and pursuant to Southern District of Georgia Local Rule 56.1 files this Statement of Undisputed Material Facts in support of its Motion for Summary Judgment, as follows:

1.      Plaintiff was hired on or about August 6, 2019 as an Associate Professor of Global Logistics and International Business.   (Dep. of Flora Devine, pp. 54:19-55:14)

2.      Plaintiff was employed in the College of Business Administration at Savannah State University.  (Pl's Complaint, ¶6).

3.      Plaintiff was originally employed within Global Logistics and International Business Program at Savannah State University which was a department within the College of Business Administration.  (Dep. of Flora Devine, pp. 71:7-71:10, 72:3-72:22).

4.      Savannah State University has experienced significant budgetary shortfalls because of declining enrollment.  (Dep. of Flora Devine, pp. 25:24-25:25, 69:9-69:11).

5.    Enrollment at Savannah State University declined from 5,000 students in 2015 to less than 3,000 in 2018 and has continued to decrease in subsequent years.  (Dep. of Flora Devine, pp. 29:19-29:25).

6.    Low enrollment led to program deactivations, particularly in global arts and other areas where student interest declined.    (Dep. of Flora Devine, pp. 23:22-23:25, 29:25-30:14, 59:1-59:4).

7.    The Board of Regents requires a minium of ten (10) students enrolled per program for continuation.  Several programs at Savannah State including those at the College of Science and Technology fell below the Board of Regents threshold..  (Dep. of Flora Devine, pp. 23:24-24:18).

8.    The Logistics Program where Plaintiff taught was combined with the Information Systems Program to try and save it.   (Dep. of Flora Devine, pp. 45:15-45:19).

9.    The combined CILS program also experienced declining enrollment. (Dep. of Flora Devine, pp. 73:22-73:24).

10.    Because of declining enrollment and budgetary shortfalls, Savannah State had to implement Reductions in Force annually from 2018/2019 through 2023. (Dep. of Flora Devine, pp. 26:9-26:13, 54:14-54:18, 68:17-69:6, 70:3-70:21).

11.    Prior to cutting faculty, Savannah State University undertook various cost saving measures including non-renewal of lecturers, reducing part-time faculty, offering a retirement incentive, cutting travel and other purchases, and freezing and cutting unfilled positions.  (Dep. of Flora Devine, pp. 25:16-27:23).

12.    As a result of the budget cuts, Savannah State was required to institute reductions in force of faculty and Staff.   (Dep. Flora Devine, Exh. 9, pg. 1).

13.     As a result of the budget cuts in 2023, thirteen (13) employees were subject to a reduction in force. *Id.*

14.     On August 2, 2023, Plaintiff, along with twelve (12) other tenured and non-tenured SSU faculty, Dr. Qin was given official notification that no new employment contract would be offered her for the 2024-2025 academic year. *Id.*

15.     During the Fall semester of 2023, following the issuance of Dr. Qin's separation notice on August 02, 2023,  Interim Dean, Dr. Nicole Cannonier noticed performance issues with Dr. Qin.  (Dep. Of Dr. Cannonier, Exh. 1).

16.     Interim Dean Cannonier communicated with Dr. Qin regarding Dr. Qin's unwillingness to manage her performance issues that had been brought to her attention in the Fall semester. *Id.*

17.     On November 14, 2023, Interim Dean Nicole Cannonier issued a letter of concern to Plaintiff addressing performance issues brought to Dr. Qin. (Dep. Of Dr. Cannonier, Exh. 1).

18.     A letter of concern is considered an alert for behavioral matters but is not a disciplinary action.   (Dep. of Cannonier, pp. 24:6-24:19).

19.     The letter of concern did not result in any change of Plaintiff's pay or benefits.

20.     In Fall, 2023,  Plaintiff also made a request for tuition assistance which was initially denied  by Dr. Cannonier.  (Dep. of Flora Devine, pp. 98:15-98-25).

21.     Dr. Richard Miller (Provost), allowed Plaintiff to proceed with the tuition assistance to take the course which she was interested in taking.  (Dep. of Flora Devine, pp. 98:8-98:10).

22.     Following Plaintiff's non-renewal pursuant to the RIF, Savannah State hired an Assistant Professor of Management for the College of Business Administration. (Dep. Of Fronmueller, 30:18- 30:25).

23.     Dr. Qin was allowed to apply for this position even though she did not have the minimum qualifications needed for the position.  *(Id.* at 23:20-24:14).

24.     Dr. Michael Fronmueller was the hiring manager for the management professor position.  (Dep. of Dr. Fronmueller, pp. 22:18).

25.     Dr. Qin was not selected for the Assistant Professor of Management position because she did not have a degree in management or in allied discipline.  (Dep. of Dr. Fronmueller, 24:8-24:9).

26.     Hiring Dr. Qin for the position would have put the University in violation of its ASCSB and SACS accreditation terms.  (Dep. of Dr. Fronmueller, pp. 24:10-24:12).

27.     The candidate selected for the Assistant Professor of Management position, Carmella Lennon-Hill, possessed a degree in Management and relevant research meeting the qualifications for that position.  (Dep. of Dr. Fronmueller, 30:18-30:25).

28.     Dr. Fronmueller was not involved in the reduction in force which resulted in the non-renewal of Plaintiff's contract.   (Dep. of Dr. Fronmueller, 19:18-19:19, 21:18-21:19).

29.     On February 22, 2024, Plaintiff filed an EEOC charge.  (No.  415-2024-00198).  (Pl's Complaint, ¶30, Exhibit "A").

30.     On September 13, 2024, Plaintiff filed a second EEOC charge (No. 415-2024-02209, Pl's Complaint, ¶33, Exhibit "B").

## CONCLUSIONS OF LAW

1.      Plaintiff 's Title VII claims are barred for the reasons set forth in the Brief.

2.      Plaintiff's claims under 42 U.S.C. § 1981 are barred for the reasons set forth in the

Brief.

This 5th day of December, 2025.

/s/ G. Todd Carter

G. Todd Carter
Georgia Bar Number: 113601
Special Assistant Attorney General
tcarter@brbcsw.com
**ATTORNEY FOR DEFENDANT**
BROWN, READDICK, BUMGARTNER
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ZHAOQIONG (JULIE ) QIN,                          *
                                                 *
    Plaintiff                                *
                                                 *
    v.                                       * Case Number: 4:24-CV-272
                                                 *
SAVANNAH STATE UNIVERSITY                        *
BOARD OF REGENTS,                                *
                                                 *
    Defendant                                *

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing.

Submitted this 5th day of December, 2025.

/s/ G. Todd Carter
G. Todd Carter
Georgia Bar Number: 113601
Special Assistant Attorney General
Attorney for Defendant
BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX